UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

YANCEY SANCHEZ
and other similarly situated individuals,

    Plaintiff (s),

v.

HIREAPP TECHNOLOGIES, INC.

    Defendant

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, YANCEY SANCHEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant HIREAPP TECHNOLOGIES, INC., and alleges:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff YANCEY SANCHEZ is a resident of Broward County, who worked in Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant HIREAPP TECHNOLOGIES, INC., (hereinafter HIREAPP, or Defendant) is a foreign corporation authorized to perform business in Florida. Defendant has a place of business in Miami-Dade County, within the jurisdiction of this Honorable Court. Defendant is a hospitality industry staffing company that employed Plaintiff. During all time periods set forth herein, this Defendant was the "employer" of Plaintiff within the meaning of the FLSA. At all times, Defendant was and is engaged in interstate commerce.

4. This cause of action is brought by Plaintiff YANCEY SANCHEZ as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked over forty (40) hours during one or more weeks on or after March, 2022, (the "material time") without being compensated overtime wages pursuant to the FLSA.

5. The employer HIREAPP was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a hospitality industry staffing company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the

Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

6. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

7. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

8. Plaintiff YANCEY SANCHEZ re-adopts every factual allegation stated in paragraphs 1-7 above as if set out in full herein.

9. Defendant HIREAPP employed Plaintiff YANCEY SANCHEZ as a non-exempted, full-time, hourly employee from approximately March 22, 2022, to June 15, 2022, or 12 weeks.

10. Plaintiff had duties as a cook and kitchen employee at the Fontainebleau Hotel Miami Beach.

11. During the relevant time of employment, Plaintiff was paid an hourly wage rate of $20.00 an hour. Plaintiff's overtime rate should be $30.00 an hour.

12. While employed with Defendant, Plaintiff worked overtime hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

13. Plaintiff had an irregular schedule. Plaintiff worked 6 days per week on different schedules, but he worked an average of 55 hours weekly. The Plaintiff was paid for all his working hours at his regular rate.

14. Additionally, every week Defendant deducted 3 hours as lunchtime, regardless of the fact that Plaintiff was unable to take bonafide lunchtime. These 3 unproperly deducted lunch hours, constitute 3 overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate, as established by law.

15. Consequently, Defendant failed to pay Plaintiff half-time for 15 hours weekly, plus 3 overtime hours weekly, corresponding to lunchtime.

16. Plaintiff clocked in and out through a phone application, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant knew about the total number of compensable hours worked by Plaintiff.

17. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid bi-weekly with direct deposits and paystubs that did not reflect the actual number of days and hours worked.

19. Plaintiff was not in agreement with the number of hours paid to him every week, and he complained several times, but Plaintiff's complaints were ignored.

20. On or about June 05, 2022, Plaintiff was fired due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the U.S Equal Employment Opportunity Commission (EEOC).

21. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendant. Nevertheless, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

22. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

23. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted.

   a. <u>Total amount of alleged unpaid wages</u>:

   Two Thousand Eight Hundred Eighty Dollars and 00/100 ($2,880.00)

   b. <u>Calculation of such wages</u>:

   Total time of employment: 12 weeks
   Total relevant weeks of employment: 12 weeks
   Total hours worked: 55 hours average
   Total O/T hours: 15 O/T hours average
   Wage rate: $20.00 x 1.5=$30.00
   OT/ rate: $30.00 - $20.00 O/T rate paid=$10.00 difference
   Half-time: $10.00 an hour

   1.- Half-time overtime for 15 hours weekly

   O/T half-time $10.00 x 15 O/T hours = $150.00 weekly x 12 weeks = $1,800.00

   2.- Overtime 3 hours weekly of lunchtime

   O/T rate $30.00 x 3 O/T hours = $90.00 weekly x 12 weeks = $1,080.00

   Total #1, and #2: $2,880.00

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

   This amount represents unpaid overtime hours.

24. At all times, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by Defendant to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

25. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

26. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff YANCEY SANCHEZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff YANCEY SANCHEZ and other similarly situated individuals and against Defendant HIREAPP, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff YANCEY SANCHEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff reasonable attorney's fees and costs of suit; and

    E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff YANCEY SANCHEZ demands a trial by jury of all issues triable as of right by jury.

DATED: October 6, 2022

                            Respectfully submitted,

                            By: **/s/ Zandro E. Palma**
                            ZANDRO E. PALMA, P.A.
                            Florida Bar No.: 0024031
                            9100 S. Dadeland Blvd.
                            Suite 1500
                            Miami, FL 33156
                            Telephone: (305) 446-1500
                            Facsimile:  (305) 446-1502
                            zep@thepalmalawgroup.com
                            *Attorney for Plaintiff*